1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

DIMITRI Z. STORM,

Case No.: 1:24-cv-00743-SKO

12

Plaintiff,

**FINDINGS AND RECOMMENDATIONS TO
DISMISS ACTION FOR PLAINTIFF'S
FAILURE TO OBEY COURT ORDERS AND
FAILURE TO PROSECUTE**

13

v.

14

GAVIN NEWSOM, et al.,

**14-DAY OBJECTION PERIOD**

15

Defendants.

**Clerk of the Court to Assign District Judge**

16

17

Plaintiff Dimitri Z. Storm is proceeding pro se in this civil rights action.

18

**I.     INTRODUCTION**

19

On June 26, 2024, this Court issued its "Order Striking Complaint, Order Directing Clerk

20

to Send Plaintiff Civil Rights Complaint Form, and Order Directing Plaintiff to File Signed

21

Complaint Within 21 Days." (Doc. 7.)

22

On July 18, 2024, Plaintiff filed an untitled document with the Court, seeking an extension

23

of time within which to file a signed complaint. (Doc. 8.)  On July 19, 2024, the Court issued its

24

"Order Granting Extension of Time Within Which to File Signed Complaint." (Doc. 9.) Plaintiff

25

was granted a 30-day extension of time within which to submit a signed complaint. (*Id*. at 2.)

26

Although more than 30 days have passed, Plaintiff has failed to file a signed complaint.

27

**II.     DISCUSSION**

28

The Federal Rules of Civil Procedure and this Court's Local Rules require that all filed

1  pleadings, motions, and papers be signed by the party personally if the party is unrepresented. *See*

2  Fed. R. Civ. P. 11(a); Local Rule 131(b).  The Local Rules, corresponding with Federal Rule of

3  Civil Procedure 11 also provide, "[f]ailure of counsel or of a party to comply with these Rules or

4  with any order of the Court may be grounds for the imposition by the Court of any and all

5  sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule

6  110. "District courts have inherent power to control their dockets" and, in exercising that power,

7  may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los*

8  *Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's

9  failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v.*

10  *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court

11  order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987)

12  (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424

13  (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

14  In determining whether to dismiss an action, the Court must consider several factors:

15  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

16  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

17  cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson*, 779 F.2d at

18  1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

19  Here, Plaintiff has failed to comply with the Court's orders. On June 26, 2024, Plaintiff

20  was ordered to submit a signed complaint within 21 days. (Doc. 7.) The Court granted Plaintiff a

21  30-day extension of time within which to submit a signed complaint. (Doc. 9.) Despite having

22  been provided nearly two months within which to file a signed complaint, Plaintiff has failed to

23  do so. The Court cannot effectively manage its docket if Plaintiff ignores the Court's orders. This

24  action can proceed no further without Plaintiff's compliance. Thus, the Court finds that both the

25  first and second factors—the public's interest in the expeditious resolution of litigation and the

26  Court's need to manage its docket— weigh in favor of dismissal. *Carey*, 856 F.2d at 1440; *see*

27  *also Montgomery v. CDCR Corrections Officer*, No. 1:23-cv-00439-ADA-BAM (PC), 2023 WL

28  6215323, at *2 (E.D. Cal. Sept. 25, 2023) (recommending dismissal for plaintiff's failure to file a

2

1   signed complaint and to submit an application to proceed IFP or to pay the filing fee; later

2   *vacated* to extend deadline, 2024 WL 496925 (E.D. Cal. Feb. 8, 2024)).

3         While the risk of prejudice to defendants is a lesser factor here because the named

4   defendants have not appeared in the action, a presumption of harm or injury arises from the

5   occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522,

6   524 (9th Cir. 1976). Plaintiff's failure to file a signed complaint amounts to an unreasonable delay

7   in prosecuting this action. Therefore, the Court finds the third factor—a risk of prejudice to

8   defendants—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

9         The fourth factor usually weighs against dismissal because public policy favors

10   disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,

11   "this factor lends little support to a party whose responsibility it is to move a case toward

12   disposition on the merits but whose conduct impedes progress in that direction." *In re*

13   *Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006)

14   (citation omitted).  Plaintiff is failing to move this case forward by not complying with the

15   Court's order to file a signed complaint. Thus, the Court finds the fourth factor—the public policy

16   favoring disposition on the merits—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

17         Finally, the Court's warning to a party that failure to obey the court's order will result in

18   dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262;

19   *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's First Informational Order

20   in Prisoner/Civil Detainee Civil Rights Case advised in relevant part: "the parties must comply

21   with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of

22   the United States District Court, Eastern District of California ("Local Rules"), as modified by

23   this Order. Failure to so comply will be grounds for imposition of sanctions which may include

24   dismissal of the case." (Doc. 3 at 1.) Plaintiff was also advised that "[e]ach document submitted

25   for filing must include the original signature of the filing party. … Documents submitted without

26   the required signature may be stricken," and that "all Court deadlines are strictly enforced." (*Id*. at

27   2, 5.)

28         Finally, in the Court's June 26, 2024, and July 19, 2024, orders, Plaintiff was advised that

**"a failure to comply with this order will result in a recommendation that his action be dismissed for a failure to comply with court orders and failure to prosecute**." (Doc. 7 at 3 & Doc. 9 at 2.)  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with Court orders. At this stage of the proceedings, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Therefore, the fifth factor—the availability of less drastic sanctions—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

### III.    CONCLUSION AND RECOMMENDATIONS

Accordingly, the Court **DIRECTS** the Clerk of the Court to randomly assign a district judge to this action. Further, the Court **RECOMMENDS** this action be dismissed, without prejudice, for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __**August 27, 2024**__                      __/s/ *Sheila K. Oberto*__
                                                         UNITED STATES MAGISTRATE JUDGE

4