UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRI Z. STORM,<br><br>            Plaintiff,<br><br>     v.<br><br>GAVIN NEWSOM, et al.,<br><br>            Defendants. | Case No.: 1:24-cv-00743-JLT-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR A FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED FOLLOWING SCREENING OF THE FIRST AMENDED COMPLAINT**<br><br>(Doc. 16)<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff Dimitri Z. Storm is proceeding pro se and *in forma pauperis* in this civil rights action.

**I.     INTRODUCTION**

On October 8, 2024, the Court issued its First Screening Order. (Doc. 15.) It determined Plaintiff's original complaint violated Rule 8 of the Federal Rules of Civil Procedure and failed to state a claim upon which relief could be granted. (*Id.* at 5-6, 8.) Plaintiff was provided with legal standards potentially applicable to his claims (*id.* at 6-7), and ordered Plaintiff to file a first amended complaint curing the deficiencies identified in the order, or a notice of voluntary dismissal, within 21 days (id. at 8-9). Plaintiff filed a first amended complaint on October 30, 2024. (Doc. 16.)

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id.* (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal

quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### C. Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676-77; *see e.g., Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010) (plaintiff required to adduce evidence the named supervisory defendants "themselves acted or failed to act unconstitutionally, not merely that subordinate did"), *overruled on other grounds by Castro v. C'nty of Los Angeles,* 833 F.3d 1060, 1070 (9th Cir. 2016); *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983").

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "The requisite causal connection may be established when an official sets in motion a

1   'series of acts by others which the actor knows or reasonably should know would cause others to
2   inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Accord
3   *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011) (supervisory liability may be based on
4   inaction in the training and supervision of subordinates).

5       Supervisory liability may also exist without any personal participation if the official
6   implemented "a policy so deficient that the policy itself is a repudiation of the constitutional
7   rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942
8   F.2d 1435, 1446 (9th Cir. 1991) (citations & quotations marks omitted), *abrogated on other*
9   *grounds by Farmer v. Brennan*, 511 U.S. 825 (1970).

10      To prove liability for an action or policy, the plaintiff "must ... demonstrate that his
11  deprivation resulted from an official policy or custom established by a ... policymaker possessed
12  with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d
13  707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between
14  such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v.*
15  *Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the
16  involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v.*
17  *Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

18  **IV.   DISCUSSION**
19      **A. Plaintiff's First Amended Complaint**
20      Plaintiff identifies the following individuals as defendants:
21          Officer Rios, California Substance Abuse Treatment Facility (CSATF)
22          Officer Bonilla, CSATF
23          Warden, CSATF
24          California Governor Gavin Newsom
25          California Attorney General Robert Bonta
26  (Doc. 16 at 2-3.) Plaintiff seeks $50,000, the return of his property, the retention of camera
27  footage, and unspecified injunctive relief. (*Id.* at 4.)
28

### B. Plaintiff's Claim

Plaintiff presents a single claim titled "Federal Constitutional Rights of (1st, 5th, 14th, 11th, 8th, 6th) Amendment Rights." (Doc. 16 at 3.)

The facts alleged in support of Plaintiff's claim are quoted in their entirety:

> On or about June 11, 2024, my constitutional rights of (1st, 5th, 14th, 11th, 8th, 6th) Amendment rights were violated – personal legal/confidential mail was stolen including mail/documents sent by (The Department of Homeland Security [DHS]), (Federal Bureau of Investigations [FBI]), (Central Intelligence Agency [CIA]), the Defense Intelligence Agency [DIA]), the Department of Defense [DOD]), (NARA-Documents-Presidential Executive Order 13526 [NARA]), (FBI-File on Donald J. Trump [FBI]), (NARA Report on INOCONUS-Nuclear Bomb Detonation in America-via-the Navy War College [NACA]), (US Department of Justice FILES-Concerning FISA-Phone-Wire-Taps-of-Kamala-Harris-via-DOJ National Security Branch [DOJ]), (U.S. Attorney General-Document-Files [AG-DOJ]), (Presidential Executive Order-via-The National Security Agency [NSA])

(*Id.*)

### C. Plaintiff's First Amended Complaint Violates Rule 8

As Plaintiff was previously advised (*see* Doc. 15 at 5-6), Rule 8 of the Federal Rules of Civil Procedure states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. While factual allegations are accepted as true, legal conclusions are not. *Id*.; *see also Twombly*, 550 U.S. at 556-57.

Plaintiff's first amended complaint is not a plain statement of his claims. Plaintiff again simply provides a date upon which a bevy of his constitutional rights were purportedly violated. He does not explain what action (or inaction) each named defendant took (or did not take) that violate his constitutional rights. Despite having been advised that he "must state what each named defendant did that led to the deprivation of" his constitutional rights (*see* Doc. 15 at 8), Plaintiff failed to do so. There are no facts whatsoever, asserted against any named defendant, that explain

how his rights were violated. Plaintiff simply provides a list of federal agencies who purportedly provided documents to him in the past. As the Supreme Court has stated, the "sheer possibility that a defendant acted unlawfully" is insufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted). Even liberally construed, Plaintiff's first amended complaint offers nothing more than a sheer possibility that any named defendant is liable.

Thus, Plaintiff's first amended complaint fails to set forth sufficient factual matter to state a claim upon which relief can be granted. Fed. R. Civ. P. 8.

### D. Plaintiff Failed to Cure the Deficiencies Previously Identified

In its earlier screening order, Plaintiff was provided the legal standards applicable to claims involving violations of the First Amendment right to send and receive mail and due process arising under the Fourteenth Amendment. (*See* Doc. 15 at 6-7.) Plaintiff has made no effort to apply the relevant legal standards to his claims.

Plaintiff provides no facts to establish how his constitutional right to receive mail was violated, he fails to allege that any such failure was not reasonably related to a legitimate penological interest, and he provides no information to establish that any named defendant acted with an improper motive or interfered with his rights to access the courts or counsel. *Turner*, 482 U.S. at 89; *Procunier*, 416 U.S. at 413; *Smith* 899 F.3d at 944; *Witherow*, 52 F.3d at 265. Plaintiff also offers no facts to explain how his due process rights were violated, and even assuming any deprivation of his property was intentional, the Court cannot determine whether the deprivation was authorized or unauthorized--in the absence of any facts. Plaintiff does not explain how any named defendant, Officers Bonilla and Rios, the CSATF warden, Governor Newsom, or Attorney General Bonta, violated his First Amendment rights to send and receive mail or violated his due process rights under the Fourteenth Amendment. *Rizzo*, 423 U.S. at 373-75; *Johnson*, 588 F.2d at 743. In sum, Plaintiff fails to state any claim upon which relief can be granted.

Moreover, because Plaintiff's first amended complaint is deficient for the same reasons as those articulated in the Court's original screening order (Doc. 15 at 5-8), and because Plaintiff has failed to remedy those deficiencies, the Court concludes that Plaintiff cannot cure his pleadings

1 and that leave to amend would be futile. *See Hartman v. CDCR*, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (affirming dismissal of first amended complaint and finding leave to amend futile where complaint's allegations belied plaintiff's entitlement to relief).

### V.     CONCLUSION AND RECOMMENDATION

Accordingly, for the foregoing reasons, the Court **HEREBY RECOMMENDS** this action be **DISMISSED** for Plaintiff's failure to state a claim upon which relief can be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     **July 24, 2025**                    /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE

7